# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 27, 2026

```
* * * * * * * * * * * * * * *   *
BETHEL STEVENS,                  *
                                 *
            Petitioner,          *      No. 23-1369V
                                 *
v.                               *      Special Master Dorsey
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
                                 *
* * * * * * * * * * * * * * *   *
```

## DECISION[1]

On August 21, 2023, Bethel Stevens ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on September 28, 2021.  Petition at Preamble (ECF No. 1). This matter was assigned to the Special Processing Unit ("SPU").  Activation and Reassignment Order dated Dec. 20, 2023 (ECF No. 9).

On May 3, 2024, Respondent filed his Rule 4(c) report arguing against compensation. Respondent's Report ("Resp. Rept.") at 2 (ECF No. 17).  Respondent raised issues with Petitioner's site of vaccination and onset, arguing Petitioner had not provided preponderant

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

evidence that (1) she received the flu vaccine in her injured right shoulder and (2) her pain began within 48 hours of vaccination. Id. at 9-14. Thereafter, the parties briefed the issues. See Petitioner's Motion for a Ruling on the Record ("Pet. Mot."), filed Sept. 13, 2024 (ECF No. 20); Resp. Response to Pet. Mot., filed Nov. 12, 2024 (ECF No. 22).

Given these issues, this matter was reassigned out of SPU to the undersigned on February 24, 2026. Order Reassigning Case dated Feb. 23, 2026 (ECF No. 27); Notice of Reassignment dated Feb. 24, 2026 (ECF No. 28). The undersigned held a status conference on March 10, 2026. Order dated Mar. 10, 2026 (ECF No. 31). After a review of the record, the undersigned noted her concerns regarding onset, preliminarily finding onset to be in July 2021, prior to the September 2021 flu vaccination at issue. Id. at 1-3. Petitioner was directed to indicate how she would like to proceed. Id. at 3-4.

On March 27, 2026, Petitioner filed a Motion for a Decision Dismissing Her Petition pursuant to Vaccine Rule 21(b). Pet. Mot. for a Decision Dismissing Her Petition, filed Mar. 27, 2026 (ECF No. 33). Petitioner reported that "an investigation of the facts supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program for either SIRVA" and "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." Id. at 1. "Petitioner understands that a decision by the Special Master dismissing her petition will result in a Judgment against her . . . [that] will end all her rights in the Vaccine Program." Id. at 2. Lastly, Petitioner indicated she "does intend to protect her rights to file a civil action in the future" and "intends to elect to reject the Vaccine Program Judgment against her." Id. at 2.

Under Vaccine Rule 21(b), which governs voluntary dismissals of a petition with entry of judgment, "The special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)." Vaccine Rule 21(b)(1). Unless stated otherwise, the dismissal "is with prejudice" and "will result in a judgment pursuant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a)." Vaccine Rule 21(b)(2).

The undersigned **GRANTS** Petitioner's motion. In accordance with Vaccine Rule 21(b), this case is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

2